IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 06-657 |
| | : | |
| vs. | : | |
| | : | CIVIL ACTION |
| DINO ALEJANDRO FELICIANO | : | NO. 08-1649 |

**O R D E R**

**AND NOW**, this 16th day of May, 2008, upon consideration of the Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 filed by petitioner, Dino Alejandro Feliciano, on April 25, 2008 (Document No. 31), and the Government's Response (Document No. 33, filed May 12, 2008), for the reasons set forth in the attached Memorandum, **IT IS ORDERED** that petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability will not issue on the ground that petitioner has not made a substantial showing of a denial of a constitutional right as required under 28 U.S.C. §2253(c)(2).

**MEMORANDUM**

**I.   BACKGROUND**

On November 28, 2006, a Federal Grand Jury in the Eastern District of Pennsylvania returned a two-count Indictment charging defendant, Dino Alejandro Feliciano, with attempted illegal re-entry in violation of 8 U.S.C. §§ 1326(a) and (b)(2) (Count One), and possession of an identification document with the intent to defraud the United States in violation of 18 U.S.C. §§ 1024(a)(4) and (b)(1) (Count Two).  Defendant pled guilty to Counts One and Two of the Indictment on January 16, 2007.

Sentencing was held on April 27, 2007. The sentencing guideline for a violation of 8 U.S.C. §§ 1326(a) and (b)(2), the statutes underlying Count One, is § 2L1.2. That guideline established a base offense level of 8. The Court then enhanced the offense level by 12 levels pursuant to § 2L1.2(b)(1)(B). That provision states that if a defendant previously was deported after a conviction for a felony drug trafficking offense for which the sentence imposed was thirteen (13) months or more, the offense level must be increased by 12 levels. The 12 level enhancement was based on defendant's conviction on March 15, 1988, before his deportation, for possession of a controlled substance and possession with intent to sell a controlled substance for which he was sentenced to one year imprisonment. That prior conviction was not considered in determining defendant's criminal history category.

At sentencing, defense counsel asked the Court to grant a 4-level downward variance based on the fast-track disparity - the fact that defendant would have been entitled to a fast-track reduction in sentence in some jurisdictions including New York. That argument was rejected by the Court.

Defendant's adjusted offense level was determined to be 20. After a 3-level reduction for acceptance of responsibility under §§ 3E1.1(a) and (b), the total offense level was determined to be 17. The Court found that defendant had 5 Criminal History Points which placed him in Criminal History Category III.

With a total offense level of 17, in Criminal History Category III, the guideline imprisonment range was thirty (30) to thirty-seven (37) months. The Court sentenced defendant to, *inter alia*, thirty (30) months incarceration on April 27, 2007.

## II.   DISCUSSION

Defendant raises three issues in his § 2255 Motion - (1) counsel was ineffective for failing to raise a double counting argument based on alleged use of defendant's 1988 conviction to establish the offense level and defendant's criminal history; (2) counsel was ineffective in failing to raise the fast-track disparity argument; and, (3) counsel was ineffective in failing to request a departure because defendant was a deportable alien.  The Court will address each argument in turn.

### A.   COUNSEL WAS NOT INEFFECTIVE FOR FAILING TO RAISE A DOUBLE COUNTING ARGUMENT

Petitioner's argument that his counsel was ineffective for failing to raise a double counting argument is without merit.  The 1988 conviction was used to increase petitioner's base offense level by 12 levels, and that was entirely appropriate.  However, that conviction was not included in determining defendant's criminal history.  Thus, there was no double counting.  Moreover, the double counting argument must also fail as a matter of law.  That is so because the 1988 conviction could have been used to increase defendant's offense level under § 2L1.2(b)(1) of the Guidelines and to determine his criminal history category.  That is the result that Congress and the Sentencing Commission intended in connection with unlawful re-entry cases.  Specifically, § 2L1.2, comment 6, of the Guidelines provides:

> "Computation of Criminal History Points. - A conviction taken into account under subsection (b)(1) is not excluded from consideration of whether that conviction receives criminal history points pursuant to Chapter Four, Part A (Criminal History)."

Because the Guidelines specifically permit the use of prior convictions to enhance both the offense level and the criminal history points in illegal re-entry cases, courts have consistently

rejected claims of impermissible double counting. *See United States v. Melendez-Dones*, 2008 WL 1815632 * 1 (10th Cir. April 22, 2008)(unpublished opinion); *United States v. Ruiz-Terrazas*, 477 F.3d 1196 (10th Cir. 2007); *United States v. Carvajal-Osorio*, 249 Fed. Appx. 636 (9th Cir. October 1, 2007)(unpublished opinion); and, *United States v. Zapata*, 1 F.3d 46 (1st Cir. 1993).

The Third Circuit has not yet addressed this issue. However, In *Sanchez v. United States*, 2008 WL 141214 (D. N.J. January 11, 2008), a district court in the District of New Jersey rejected an argument similar to that raised by petitioner in this case. This Court agrees with the rationale adopted by the District Court of New Jersey and the First, Ninth and Tenth Circuits in rejecting the double counting argument in unlawful re-entry cases.

### B. PETITIONER'S CLAIM THAT HIS COUNSEL WAS DEFICIENT IN FAILING TO RAISE THE FAST-TRACK DISPARITY ARGUMENT IS REJECTED

Petitioner argues that counsel was deficient because she failed to raise the argument that he was entitled to a 4-level reduction based upon an alleged fast-track disparity. This argument is factually incorrect because defense counsel raised the issue in her Sentencing Memorandum. Defense Sentencing Memorandum, pp. 6-7. The argument was again addressed at sentencing, and rejected by the Court.

### C. DEFENSE COUNSEL WAS NOT DEFICIENT IN FAILING TO REQUEST A DEPARTURE BECAUSE PETITIONER IS A DEPORTABLE ALIEN.

Petitioner claims that defense counsel should have moved for a downward departure based upon his status as a deportable alien. That argument is rejected.

Petitioner's status as a deported alien provides no basis for departure in this case. As stated in *United States v. Smith*, 27 F.3d 649, 655 (D.C. Cir. 1994): "[A] downward departure

may be appropriate where the defendant's status as a deportable alien is likely to cause a fortuitous increase in the severity of his sentence[.]" However, such a departure is inappropriate in an illegal re-entry prosecution because in such prosecutions a defendant is, by definition, a deportable alien and his status is taken into account in the relevant Guideline provision, § 2L.2. *See In United States v. Mora*, 2002 WL 467740 (E.D. Pa. March 26, 2002).

### III.   CONCLUSION:

For all of the foregoing reasons, petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is denied.  A certificate of appealability will not issue because petitioner has not made a substantial showing of a denial of a constitutional right as required under 28 U.S.C. §2253(c)(2).

**BY THE COURT:**

/s/ Honorable Jan E. DuBois
**JAN E. DUBOIS, J.**